J. STEPHEN STREET 1573-0
Attorney At Law
134 Maono Place
Honolulu, Hawaii 96821
Telephone No.: (808) 754-1647
Facsimile No.: (888) 334-6499
E-mail: jsstreet@ip-law-hawaii.com

DANE ANDERSON 9349-0
Attorney At Law, LLLC
P.O. Box #1621
Honolulu, Hawaii 96806
Telephone No.: (808) 285-4760
E-mail: dane@andersonlawhawaii.com

Attorneys for Plaintiffs
VINCENT KHOURY TYLOR
and VINCENT SCOTT TYLOR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VINCENT KHOURY TYLOR and VINCENT SCOTT TYLOR,<br><br>Plaintiffs,<br><br>vs.<br><br>DISCOVERING HIDDEN HAWAII TOURS, INC., a Hawaii Corporation, dba DISCOVER HAWAII TOURS and dba BIG ISLAND VOLCANO TOURS; LEO A. M. MALAGON III, an individual, JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ASSOCIATIONS 1-10,<br><br>Defendants. | CIVIL NO. 14-00036 JMS-RLP<br>(Copyright Infringement)<br><br>FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS; EXHIBITS "A"-"H" |

## FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS

COMES NOW Plaintiffs VINCENT KHOURY TYLOR and VINCENT SCOTT TYLOR, by their attorneys, J. Stephen Street, Attorney at Law, and Dane Anderson, Attorney at Law, LLLC, and, pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, for their First Amended Complaint to their original complaint filed on January 24, 2014, as Doc. #1 in this action, allege as follows:

## PARTIES

1. Plaintiff VINCENT KHOURY TYLOR is a resident of the State of Hawaii.

2. Plaintiff VINCENT SCOTT TYLOR is a resident of the State of Hawaii.

3. Upon information and belief, Defendant DISCOVERING HIDDEN HAWAII TOURS, INC. is a for-profit corporation registered in the State of Hawaii, with its principal place of business in Honolulu, Hawaii, and is doing business as DISCOVER HAWAII TOURS and as BIG ISLAND VOLCANO TOURS.

4. Upon information and belief, Defendant LEO A. M. MALAGON III is a natural person residing in the State of Hawaii and is the

president and sole director of Defendant DISCOVERING HIDDEN HAWAII TOURS, INC.

5. JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10 are named herein under fictitious names for the reason that, after investigation of the facts of this action, said Defendants' true names and identities are presently unknown to Plaintiffs VINCENT KHOURY TYLOR and VINCENT SCOTT TYLOR (collectively referred to as "Plaintiffs"), except, upon information and belief, that they are connected in some manner with the named Defendants and/or were the agents, servants, employees, employers, representatives, co-venturers, associates, successors or assignees of the named Defendants who may be under a duty, contractually or otherwise, to pay Plaintiffs compensation for loss incurred by the actions or omissions of the named Defendants and/or were in some manner related to the named Defendants and that their "true names, identities, capacity, activities and/or responsibilities" are presently unknown to Plaintiffs or their attorneys. To ascertain the full names and identities of JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10, Plaintiffs' counsel have investigated the facts alleged herein through inter alia, interview of Plaintiffs and inspection of the records in this matter. When the true names and capacities

are ascertained, through appropriate discovery, Plaintiffs shall move to amend this action to state the true names.

## JURISDICTION AND VENUE

6. This is an action for preliminary and permanent injunctive relief and damages arising from Defendant DISCOVERING HIDDEN HAWAII TOURS, INC.'s and Defendant LEO A. M. MALAGON III's (collectively referred to as "Defendants") copyright infringements in violation of the United States Copyright Act, 17 U.S.C. §§ 101 et. seq. and the Digital Millennium Copyright Act, 17 U.S.C. § 1202.

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and § 1338(a).

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400.

## FACTUAL ALLEGATIONS

9. Defendants are doing business in the State of Hawaii as a tour company under the business name DISCOVER HAWAII TOURS and the business name BIG ISLAND VOLCANO TOURS.

10. Defendants manage and control a commercial website, at http://www.discoverhawaiitours.com/, where customers can view information on Defendants' tour company and services offered, purchase online reservations of

tours and activities, or "connect" with Defendants' business by clicking on hyperlink icons to be directly routed to Defendants' social media commercial web pages on Facebook.com, Pinterest.com or Tumblr.com.

11. Defendants manage and control commercial web pages on Facebook.com, at https://www.facebook.com/DiscoverHawaiiTours and at https://www.facebook.com/BigIslandVolcanoTours, to advertise and promote their tour company and to encourage users of their Facebook.com commercial web pages to navigate to their commercial website, or click on a provided hyperlink to be directly routed to their commercial website, to purchase online reservations of tours and activities.

12. Defendants manage and control a commercial web page on Pinterest.com, at http://www.pinterest.com/discoverhawaii/, to advertise and promote their tour company and to encourage users of their Pinterest.com commercial web page to navigate to their commercial website, or click on a provided hyperlink to be directly routed to their commercial website, to purchase online reservations of tours and activities.

13. Defendants manage and control a commercial web page on Tumblr.com, at http://discoverhawaiitours.tumblr.com/, to advertise and promote their tour company and to encourage users of their Tumblr.com commercial web page to navigate to their commercial website, or click on a provided hyperlink to

be directly routed to their commercial website, to purchase online reservations of tours and activities.

14. Defendants manage and control a commercial web blog, at http://www.hawaiigreentourism.com/, to advertise and promote their tour company and to encourage users of their commercial web blog to navigate to their commercial website, or click on a provided hyperlink to be directly routed to their commercial website, to purchase online reservations of tours and activities.

15. Each photographic work at issue in this case is an original work entitled to copyright protection pursuant to the copyright laws of the United States, and each photographic work at issue is duly registered with the United States Copyright Office.

16. Sixteen (16) photographic works, image nos.: “O-23 Waikiki Dusk”; “A-12-B LaniKai-girl”; “O-05 Chinamans Hat”; “K-42 Secret Beach”; “O-06 Hanauma Bay Wide”; “K-06-B Wailua Falls Rainbow”; “B-01-A Rainbow Falls”; “O-07 Waimea Falls”; “A-19 Snorkel Hawaii”; “K-22 Opaekaa Falls”; “V-08 Evening Glow”; “A-10 Island Sunset”; “M-27 Big Beach-Maui”; “B-12 Kona Coast”; “M-18 Turquoise lagoon” and, “O-01 Waikiki-Pink boat ORIGINAL VERSION”, at issue in this case were created by photographer Plaintiff VINCENT KHOURY TYLOR, who owns the copyrights to the works.

17. The copyrights for Plaintiff VINCENT KHOURY TYLOR's fourteen (14) photographic works at issue were registered with the United States Copyright Office as 1) VA 1-696-555, effective December 17, 2009, and supplemented by form VA 1-432-741, effective June 20, 2011; 2) VA 1-696-552, effective December 17, 2009, and supplemented by form VA 1-432-820, effective June 20, 2011; and, 3) VA 1-759-562, effective January 29, 2011, in the name of Plaintiff VINCENT KHOURY TYLOR, who has exclusive rights and privileges in the photographic works under the United States Copyright Act. True and correct copies of the Certificates of Registration that relates to those photographic works at issue are attached hereto as Exhibit "A".

18. Two (2) photographic works, image nos. "Chinamans Hat02" and "Awapuhi Trail," at issue in this case were created by photographer Plaintiff VINCENT SCOTT TYLOR, who is the owner of the copyrights for those photographic works.

19. The copyright for Plaintiff VINCENT SCOTT TYLOR's "Chinamans Hat02" photographic work was registered with the United States Copyright Office as VA 1-761-524, effective February 8, 2011, in the name of Plaintiff VINCENT SCOTT TYLOR, who has exclusive rights and privileges in that photographic work under the United States Copyright Act. A true and correct

copy of the Certificate of Registration that relates to that photographic work at issue is attached hereto as Exhibit “B”.

20. The registration of the copyright for Plaintiff VINCENT SCOTT TYLOR’s “Awapuhi Trail” has been filed with the United States Copyright Office and registered on November 7, 2013; however Plaintiff VINCENT SCOTT TYLOR is awaiting a certificate of registration for that photographic work. A true and correct copy of the filed application for registration of that photographic work at issue is shown in Exhibit “B”.

21. None of the said photographic works was a “work for hire.”

22. Plaintiffs incurred substantial time and expense in creating the photographic works at issue, and Plaintiffs license the photographic works at issue for commercial and other uses.

23. In 2011, Plaintiff VINCENT KHOURY TYLOR learned that Defendants were using one (1) of his photographic works at issue, **“K-06-B Wailua Falls Rainbow,”** one (1) time in high resolution, on their commercial website:

*Page URL:* http://www.discoverhawaiitours.com/infodetails/wailuafalls.html
*Image URL:* http://www.discoverhawaiitours.com/infodetails/wailuafalls.jpg

This photographic work was used by Defendants without obtaining a license or consent from Plaintiff VINCENT KHOURY TYLOR, thus violating his exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create

derivative works under 17 U.S.C. §§ 100 et. seq. A true and correct copy of the photographic work registered by Plaintiff VINCENT KHOURY TYLOR along with a copy of the screenshot of Defendants' infringing use are attached hereto as Exhibit "C".

24. By letter of April 21, 2011, Plaintiff VINCENT KHOURY TYLOR gave notice to Defendants of the copyright infringement and Digital Millennium Copyright Act violation for their use of **"K-06-B Wailua Falls Rainbow"** on their commercial website, as described in paragraph 23, and attempted to resolve the claims by requesting that Defendants pay a retroactive licensing fee for the use, that they cease and desist from using that photographic work, and that they remove the use from their commercial website and delete any copies of that photographic work; however, Plaintiff VINCENT KHOURY TYLOR or his counsel did not receive any response from Defendants.

25. In late April of 2011, Plaintiff VINCENT KHOURY TYLOR further learned that Defendants were using another photographic work at issue, **"O-23 Waikiki Dusk"**, one (1) time in high resolution, on their commercial website:

*Page URL:*
http://www.discoverhawaiitours.com/blog/2010/11/20/hawaiian-hotels-see-increased-occupancy-rates-across-the-islands/
*Image URL:*
http://www.discoverhawaiitours.com/blog/wp-content/uploads/2010/11/

oahu_hotel_008p1-300x225.jpg

This photographic work was used by Defendants without obtaining a license or consent from Plaintiff VINCENT KHOURY TYLOR, thus violating his exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 100 et. seq. A true and correct copy of this photographic work registered by Plaintiff VINCENT KHOURY TYLOR along with a copy of the screenshot of Defendants' infringing use are attached hereto as Exhibit "D".

26. By letter of June 6, 2011, Plaintiff VINCENT KHOURY TYLOR gave notice to Defendants of the copyright infringements and Digital Millennium Copyright Act violations for their uses of **"K-06-B Wailua Falls Rainbow"** and **"O-23 Waikiki Dusk"** on their commercial website, as described in paragraphs 23 and 25, and attempted to resolve the claims by requesting that Defendants pay a retroactive licensing fee for the uses, that they cease and desist from using the photographic works, and that they remove the uses from their commercial website and delete any copies of those photographic works. Although the photographic works were apparently taken down from Defendants' website, at least temporarily, neither Plaintiff VINCENT KHOURY TYLOR nor his counsel received any response from Defendants concerning resolution of the claims for their past infringing uses.

27. In December of 2013, Plaintiff VINCENT KHOURY TYLOR determined that Defendants were using thirteen (13) of his photographic works at issue, at least forty-one (41) separate times in high resolution, on their commercial website, Facebook.com commercial web page, Pinterest.com commercial web page, and Tumblr.com commercial web page, **including the two (2) photographic works for which notice of copyright infringement had already been given**, as described in paragraphs 24 and 26. The infringing uses are as follows:

Image **"O-23 Waikiki Dusk"** is being used at least six (6) times, for over three years, at:

*Page URLs:*
http://www.pinterest.com/discoverhawaii/the-most-famous-view/
http://www.pinterest.com/discoverhawaii/pins/ (2 separate times)
http://www.pinterest.com/pin/61854194852526005/
http://www.pinterest.com/pin/61854194852513701/
https://www.facebook.com/DiscoverHawaiiTours
*Image URLs:*
http://media-cache-ec0.pinimg.com/736x/ca/0f/1f/ca0f1f06a00d1f85bbf4a2944970e112.jpg
http://media-cache-ak0.pinimg.com/736x/66/a2/43/66a2431edf19a885b011141fe098f383.jpg

Image **"K-06-B Wailua Falls Rainbow"** is still being used at least three (3) times, for over two years, at:

*Page URLs:*
http://www.pinterest.com/discoverhawaii/discover-hawaii-tours/
http://www.pinterest.com/discoverhawaii/pins/
http://www.pinterest.com/pin/61854194851889053/
*Image URL:*

http://1.bp.blogspot.com/-B44IACJdh5c/UpmmheUeuTI/AAAAAAAAAHM/2WMcS9Hv5zc/s400/4.jpg

Image **"O-06 Hanauma Bay Wide"** is being used at least five (5) times, for over two years, at:

*Page URLs:*
http://pinterest.com/discoverhawaii/beaches/
http://www.pinterest.com/discoverhawaii/pins/ (2 separate times)
http://www.pinterest.com/pin/61854194854480603/ (Image is reversed)
http://www.pinterest.com/pin/61854194851889035/
*Image URLs:*
http://media-cache-ak0.pinimg.com/736x/0f/b6/7e/0fb67ec26be87a006e729f71ea17ab73.jpg
http://media-cache-ec0.pinimg.com/736x/f5/4e/b4/f54eb48e865c3899bbf5c7f5a3b0695f.jpg

Image **"K-42 Secret Beach"** is being used at least three (3) times, for over one year, at:

*Page URLs:*
http://pinterest.com/discoverhawaii/beaches/
http://www.pinterest.com/discoverhawaii/pins/
http://www.pinterest.com/pin/61854194853669566/
*Image URL:*
http://media-cache-ak0.pinimg.com/736x/52/9d/66/529d663ee432f806e9222bf4f73b470b.jpg

Image **"A-19 Snorkel Hawaii"** is being used at least three (3) times, for over one year, at:

*Page URLs:*
http://pinterest.com/discoverhawaii/beaches/
http://www.pinterest.com/discoverhawaii/pins/
http://www.pinterest.com/pin/61854194852642596/
*Image URL:*

http://media-cache-cd0.pinimg.com/736x/32/bb/5e/32bb5e9dd03f9fbc268728e844b17335.jpg

Image **"A-12-B LaniKai-girl"** is being used at least three (3) times, for over two years, at:

*Page URLs:*
http://pinterest.com/discoverhawaii/beaches/
http://www.pinterest.com/discoverhawaii/pins/
http://www.pinterest.com/pin/61854194851889043/
*Image URL:*
http://media-cache-ak0.pinimg.com/736x/2a/f8/7a/2af87ac745b3d55df3c482de696cca60.jpg

Image **"O-05 Chinamans Hat"** is being used at least three (3) times, for over two years, at:

*Page URLs:*
http://pinterest.com/discoverhawaii/beaches/
http://www.pinterest.com/discoverhawaii/pins/
http://www.pinterest.com/pin/61854194851889056/
*Image URL:*
http://media-cache-ak0.pinimg.com/736x/f5/cc/3a/f5cc3afaa43cbee6150c022bd11b2bf1.jpg

Image **"K-22 Opaekaa Falls"** is being used at least three (3) times, for over two years, at:

*Page URLs:*
http://pinterest.com/discoverhawaii/waterfalls/
http://www.pinterest.com/discoverhawaii/pins/
http://pinterest.com/pin/61854194851889029/
*Image URL:*
http://media-cache-ak0.pinimg.com/736x/f1/40/7c/f1407ca796393ba3a1a2d70b85a7ff14.jpg

Image **"V-08 Evening Glow"** is being used at least three (3) times, for over one year, at:

*Page URLs:*
http://www.pinterest.com/discoverhawaii/big-island/
http://www.pinterest.com/discoverhawaii/pins/
http://www.pinterest.com/pin/61854194852680301/
*Image URL:*
http://media-cache-ak0.pinimg.com/736x/a6/38/01/a63801b6ed0285d800ce4bf9061eafb0.jpg

Image **"A-10 Island Sunset"** is being used at least three (3) times, for over one year, at:

*Page URLs:*
https://www.facebook.com/DiscoverHawaiiTours
https://www.facebook.com/DiscoverHawaiiTours/app_192229990808929
https://www.facebook.com/DiscoverHawaiiTours/photos_albums
https://www.facebook.com/media/set/?set=a.10151456690855715.479034.80926190714&type=3
https://www.facebook.com/photo.php?fbid=10151456690885715&set=a.10151456690855715.479034.80926190714&type=1&theater
*Image URL:*
https://scontent-b-lax.xx.fbcdn.net/hphotos-ash3/577526_10151456690885715_171534831_n.jpg

Image **"M-27 Big Beach-Maui"** is being used at least two (2) times, for over one year, at:

*Page URLs:*
http://discoverhawaiitours.tumblr.com/
http://discoverhawaiitours.tumblr.com/post/25480787871/big-beach-maui-hawaii-by-nature-54855-on-flickr
*Image URL:*
http://24.media.tumblr.com/tumblr_m5ud7qMuZo1qf6h06o1_1280.jpg

Image **"B-01-A Rainbow Falls"** was used one (1) time, at least as early as 2011, and the Image URL was still active through January 16, 2014, but the Page URL was discontinued at some time prior to January 2014, at:

*Page URL:*
http://www.discoverhawaiitours.com/travel-guide/rainbow-falls.html
*Image URL:*
http://www.discoverhawaiitours.com/infodetails/rainbowfalls.jpg

Image **"B-12 Kona Coast"** is being used at least three (3) times, for over three years, at:

*Page URLs:*
http://www.facebook.com/BigIslandVolcanoTours
https://www.facebook.com/BigIslandVolcanoTours/photos_stream
http://www.facebook.com/media/set/?set=a.1683990698
45888.37064.163940626958399&type=3
http://www.facebook.com/photo.php?fbid=171915149494280&set=a.1683990698
45888.37064.163940626958399&type=3&theater
*Image URL:*
https://scontent-b-sjc.xx.fbcdn.net/hphotos-prn1/149052_17191514
9494280_5174073_n.jpg

These photographic works were and are still being used by Defendants without obtaining licenses or consent from Plaintiff VINCENT KHOURY TYLOR, thus violating his exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 100 et. seq. A true and correct copy of each photographic work registered by Plaintiff VINCENT KHOURY TYLOR along with copies of screenshots of Defendants' infringing uses are attached hereto as Exhibit "E".

28. Furthermore, in December of 2013, Plaintiff VINCENT KHOURY TYLOR learned that Defendants were using two (2) of his photographic works, specifically **"A-12-B LaniKai-girl"** and **"O-07 Waimea Falls**," used in reverse, a total of three (3) times, embedded in a print PDF brochure available for viewing and download on their commercial website, and was still available for viewing or download as of January 16, 2014, at:

*Page URL:*
http://www.discoverhawaiitours.com/media/dhht_oahu_brochure_2012_back.pdf

These two (2) photographic works were used by Defendants without obtaining licenses or consent from Plaintiff VINCENT KHOURY TYLOR, thus violating his exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 100 et. seq. A true and correct copy of each photographic work registered by Plaintiff VINCENT KHOURY TYLOR along with copies of screenshots of Defendants' infringing use are attached hereto as Exhibit "F".

29. In December of 2013, Plaintiff VINCENT SCOTT TYLOR determined that Defendants were using two (2) of his photographic works at issue, a total of at least three (3) separate times in high resolution, as follows:

Image **"Chinamans Hat02"** was used in a print PDF brochure available for download on Defendants' commercial website, which appears to have begun in

2011, as indicated in the following Page URL, and was still available for viewing or download as of January 16, 2014, at:

*Page URL:*
http://www.discoverhawaiitours.com/media/dhht_oahu_brochure_2011_back.pdf.

Image **"Awapuhi Trail"** is being used at least two (2) times, in high resolution, over one year, on Defendants' Tumblr.com commercial web page at:

*Page URL:*
http://discoverhawaiitours.tumblr.com/
http://discoverhawaiitours.tumblr.com/post/27370216478/kauais-na-pali-coast
*Image URL:*
http://25.media.tumblr.com/tumblr_m79d7e8lie1r0yauxo1_1280.jpg

Said photographic works were used by Defendants without obtaining licenses or consent from Plaintiff VINCENT SCOTT TYLOR, thus violating his exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 100 et. seq. True and correct copies of the photographic works registered by Plaintiff VINCENT SCOTT TYLOR along with copies of screenshots of Defendants' infringing uses are attached hereto as Exhibit "G".

30. In February of 2014, following the filing of the original complaint in this action, Plaintiff VINCENT KHOURY TYLOR determined that Defendants were using three (3) of his photographic works at issue, a total of at least eighteen (18) separate times in high resolution, **including one (1) photographic work for which notice of copyright infringement had already**

**been given**, as described in paragraphs 24 and 26, on their hawaiigreentourism.com commercial web blog since December of 2013, as follows:

Image **"K-06-B Wailua Falls Rainbow"** is being used at least six (6) times at:

*Page URLs:*
http://www.hawaiigreentourism.com/ (2 separate times)
http://www.hawaiigreentourism.com/2013/12/hawaii-is-like-no-other-place-on-earth.html (2 separate times)
http://www.hawaiigreentourism.com/2013/12/2014-christmas-holiday-vacation-with.html
http://www.hawaiigreentourism.com/2013/12/christmas-and-oahu-circle-island-tour.html
*Image URL:*
http://1.bp.blogspot.com/-B44IACJdh5c/UpmmheUeuTI/AAAAAAAAAHM/2WMcS9Hv5zc/s400/4.jpg

Image **"M-18 Turquoise lagoon"** is being used at least six (6) times at:

*Page URLs:*
http://www.hawaiigreentourism.com/ (2 separate times)
http://www.hawaiigreentourism.com/2013/12/2014-christmas-holiday-vacation-with.html (2 separate times)
http://www.hawaiigreentourism.com/2013/12/hawaii-is-like-no-other-place-on-earth.html
http://www.hawaiigreentourism.com/2013/12/christmas-and-oahu-circle-island-tour.html
*Image URL:*
http://3.bp.blogspot.com/-tfpen_X1WgY/UpmmVoqXINI/AAAAAAAAAG8/y13rnUaeKhQ/s400/hawaii-image.jpg

Image **"O-01 Waikiki-Pink boat ORIGINAL VERSION"** is being used at least six (6) times at:

*Page URLs:*
http://www.hawaiigreentourism.com/ (2 separate times)

http://www.hawaiigreentourism.com/2013/12/christmas-and-oahu-circle-island-tour.html (2 separate times)
http://www.hawaiigreentourism.com/2013/12/hawaii-is-like-no-other-place-on-earth.html
http://www.hawaiigreentourism.com/2013/12/2014-christmas-holiday-vacation-with.html
*Image URL:*
http://1.bp.blogspot.com/-NR-K00FuvBs/UpmmLEgu7gI/AAAAAAAAAG0/7LBDkuZ0HaA/s400/waikiki_oahu_hawaii-normal.jpg

These three (3) photographic works were used by Defendants without obtaining licenses or consent from Plaintiff VINCENT KHOURY TYLOR, thus violating his exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 100 et. seq. A true and correct copy of each photographic work registered by Plaintiff VINCENT KHOURY TYLOR along with copies of screenshots of Defendants' infringing uses are attached hereto as Exhibit "H".

31. Despite the notices of copyrights and requests to cease and desist sent to Defendants in 2011, described in paragraphs 24 and 26, Defendants continue to use Plaintiff VINCENT KHOURY TYLOR's **"K-06-B Wailua Falls Rainbow"** and **"O-23 Waikiki Dusk"** photographic works at least fifteen (15) additional times on their Pinterest.com and Facebook.com commercial web pages and hawaiigreentourism.com commercial web blog, described in paragraphs 27 and 30, constituting willful infringement.

32. Fifteen (15) of Plaintiff VINCENT KHOURY TYLOR's copyrighted photographic works at issue, excluding "O-01 Waikiki-Pink boat ORIGINAL VERSION", where they are legitimately available, bear his copyright management information in the form of a "Vincent K. Tylor" signature at the bottom corner of each photographic work.

33. Upon information and belief, Defendants intentionally removed or altered Plaintiff VINCENT KHOURY TYLOR's copyright management information from fifteen (15) of his photographic works at issue for Defendants' uses of those photographic works without his authority or the authority of the law, or Defendants distributed those photographic works knowing that his copyright management information had been removed or altered without his authority or the law. Defendants displayed copies of those photographic works without copyright management information, knowing that Defendants did not own the photographic works, and knowing that a simple internet image search would locate those photographic works with Plaintiffs' copyright management information clearly associated with those photographic works. True and correct copies of Plaintiff VINCENT KHOURY TYLOR's photographic works containing his copyright management information along with copies of screenshots of Defendants' infringing uses with the copyright management information cropped are shown in Exhibits "C" through "H."

34. Additionally, Defendants associated their own false copyright management information in the form of their trademark and business name on their use of Plaintiff VINCENT KHOURY TYLOR's **"B-01-A Rainbow Falls"** photographic work, at the bottom, right corner of that use. A true and correct copy of Plaintiff VINCENT KHOURY TYLOR's **"B-01-A Rainbow Falls"** containing his copyright management information alongside Defendants' use of that photographic work with the copyright management information cropped and associated with false copyright management information is shown in Exhibit "E."

35. Upon information and belief, Defendant LEO A. M. MALAGON III is vicariously liable for Defendants' infringing activity, removal of copyright management information associated with the photographic works at issue, and/or association of false copyright management information with the photographic works at issue because Defendant LEO A. M. MALAGON III, who is the president and sole director of Defendant DISCOVERING HIDDEN HAWAII TOURS, INC. enjoys a direct financial benefit from, and has the right and ability to supervise or control, the infringing activity and/or removal of copyright management information associated with the photographic works and/or association of false copyright management information with the photographic works at issue on Defendants' commercial website, Facebook.com commercial

web page, Pinterest.com commercial web page, Tumblr.com commercial web page, and hawaiigreentourism.com commercial web blog.

36. Defendants' uses of Plaintiff VINCENT KHOURY TYLOR's photographic works on their Facebook.com commercial web pages have contributed to widespread distribution of those photographic works absent his copyright management information. Users who view Defendants' Facebook.com commercial web pages can easily distribute Defendants' postings of those photographic works without his copyright information among other Facebook.com users by clicking on the "Like" button, "Comment" button or "Share" button associated with those photographic works as they appear on Defendants' Facebook.com commercial web pages. Each "Like," "Comment," or "Share" action by a user causes those photographic works to be distributed to other users or promotes Defendants' Facebook.com commercial web pages or their business as the origin and owner of those photographic works. Furthermore, users can automatically promote Defendants' Facebook.com commercial web pages among other users by clicking the "Like" button associated with those pages, effectively advertising Defendants' business as well as the photographic works at issue absent the said copyright information. Defendants' "Discover Hawaii Tours" Facebook.com commercial web page at issue has been "Liked" by over 80,000 users, leading to potentially thousands more Facebook.com users viewing and/or

continually sharing the photographic works at issue that were initially posted by Defendants absent Plaintiff VINCENT KHOURY TYLOR's copyright management information. The damage to Plaintiff VINCENT KHOURY TYLOR's copyrights and the likelihood of increased infringing activity from Defendants' postings of Plaintiff VINCENT KHOURY TYLOR's photographic works absent his copyright management information is apparent in Defendants' posting of **"A-10 Island Sunset,"** shown in Exhibit E, which has received over 500 "Likes" and has been shared (distributed) over 200 times by other Facebook.com users absent Plaintiff VINCENT KHOURY TYLOR's copyright management information.

37. Defendants' uses of Plaintiff VINCENT KHOURY TYLOR's photographic works at issue on their Pinterest.com commercial web page, absent his copyright management information, have contributed to widespread distribution of those photographic works absent his copyright management information. Users can easily distribute Defendants' uses of those photographic works among other Pinterest.com users by clicking on the "Pin it" button or "Like" button associated with those uses as they appear on Defendants' Pinterest.com commercial web page, or users can distribute those photographic works among the millions of users of social media websites Facebook.com or Twitter.com by clicking on the "share" button associated with Defendants' uses of those

photographic works. Each "Pin it" or "Like" or "share" click by a user causes Defendants' uses of those photographic works to be distributed to other users or promotes Defendants' Pinterest.com commercial web page or their business as the origin and owner of those photographic works. Furthermore, users can automatically promote Defendants' Pinterest.com commercial web page or their business among other users by clicking the "Follow" button associated with that page, effectively advertising Defendants' business alongside their uses of those photographic work at issue. Defendants' Pinterest.com commercial web page has been visited by thousands of users and has over 2,500 followers, leading to potentially thousands more users viewing and/or continually sharing the photographic works at issue that were initially posted by Defendants absent Plaintiff VINCENT KHOURY TYLOR's copyright management information.

38. Defendants' uses of Plaintiffs' photographic works at issue on their Tumblr.com commercial web page, absent Plaintiff VINCENT KHOURY TYLOR's copyright management information or any copyright management information attributable to Plaintiff VINCENT SCOTT TYLOR, have contributed to widespread distribution of those photographic works absent copyright management information. Users can easily distribute Defendants' uses of Plaintiffs' photographic works among other Tumblr.com users by clicking on the "Reblog" button or "Like" button associated with those uses as they appear on

Defendants' Tumblr.com commercial web page. Each "Reblog" or "Like" or click by a user causes Defendants' uses of those photographic works to be distributed to other users or promotes Defendants' Tumblr.com commercial web page or their business as the origin and owner of those photographic works. Furthermore, users can automatically promote Defendants' Tumblr.com commercial web page or their business among other users by clicking the "Follow" button associated with that page, effectively advertising Defendants' business alongside their uses of those photographic works at issue. Defendants' Tumblr.com commercial web page has been visited by numerous users and Defendants' uses of Plaintiffs' photographic works have been reblogged or liked by other uses, leading to potentially thousands more users viewing and/or continually reblogging (distributing) those photographic works absent any copyright management information attributable to Plaintiffs.

39. Plaintiffs and Defendants were unable to resolve this matter, thus necessitating legal action.

## FIRST CAUSE OF ACTION: COPYRIGHT INFRINGEMENT

40. Plaintiffs restate and reallege each of the allegations contained in paragraphs 1-39 as if fully stated herein.

41. Plaintiffs have all rights, title, and interest in the copyrights to their respective photographic works as holders of the copyrights, the use of which has not been licensed to Defendants.

42. Defendants have misappropriated Plaintiffs' copyrighted photographic works with knowledge that the photographic works at issue did not belong to Defendants; Defendants thereby willfully engaged in unauthorized use, copying, distribution, and/or display of Plaintiffs' copyrighted photographic works by using sixteen (16) of Plaintiff VINCENT KHOURY TYLOR's photographic works a total of at least sixty-two (62) separate times and by using two (2) of Plaintiff VINCENT SCOTT TYLOR's photographic works a total of at least three (3) separate times. Defendants' acts constitute willful copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101 et. seq.

43. Defendants have shown that they intend to continue, unless restrained, to use Plaintiffs' copyrighted photographic works, willfully infringing, and causing irreparable damage to Plaintiffs for which they have no adequate remedy of law.

44. Defendants' unlawful use of copies of Plaintiffs' original photographic works have diminished the value of the original photographic works by distributing and encouraging redistribution of the photographic works without identifying the photographic works as being the exclusive property of Plaintiffs.

45. Defendants' unlawful acts have been and are interfering with and undermining Plaintiffs' ability to market Plaintiffs' own original photographic

works, thereby impairing the value and prejudicing the sale or license by Plaintiffs of their own photographic works.

46. Plaintiffs are entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiffs for which they have no adequate remedy of law.

47. Defendants, by their unauthorized appropriation and use of Plaintiffs' original photographic works, have been and are engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Plaintiffs' goodwill and the public acceptance of Plaintiffs' original photographic works.

48. Because Defendants used Plaintiffs' copyrighted photographic works without license, infringing the exclusive rights of Plaintiffs as the copyright owners, Plaintiffs are entitled to have the infringing publications and any improperly acquired likenesses or images (however stored or recorded) impounded while this action is pending.

49. As a direct and proximate result of Defendants' wrongful acts, Plaintiffs have suffered and continue to suffer lost profits and damages.

50. Plaintiffs are entitled to recover from Defendants the damages they have sustained as a result of these wrongful acts. Plaintiffs are presently

unable to ascertain the full extent of the monetary damages they have suffered by reason of Defendants' acts of copyright infringement.

51. Plaintiffs are further entitled to recover from Defendants any gains, profits, or advantages Defendants obtained as a result of their wrongful acts. Plaintiffs are presently unable to ascertain the full extent of the gains, profits, and advantages Defendants have realized by their acts of copyright infringement.

52. Plaintiffs are entitled to elect to recover from Defendants statutory damages for each of their willful violations of Plaintiffs' copyrights.

53. Plaintiffs are further entitled to costs and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION:
## DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS

54. Plaintiffs restate and reallege each of the allegations contained in paragraphs 1-53 as if fully stated herein.

55. Defendants have intentionally removed copyright management information from association with fifteen (15) of Plaintiff VINCENT KHOURY TYLOR's photographic works for their said uses, or distributed those photographic works at issue knowing that Plaintiff VINCENT KHOURY TYLOR's copyright management information had been removed or altered, and, in addition, associated their own false copyright management information with one (1) photographic work

at issue, without the authority of Plaintiff VINCENT KHOURY TYLOR or the law, knowing, or having reasonable grounds to know, that the removal, distribution, or false association would induce, enable, facilitate, or conceal infringement of copyright.

56. Defendants' acts constitute violations under the Digital Millennium Copyright Act, 17 U.S.C. § 1202.

57. Plaintiff VINCENT KHOURY TYLOR is entitled to a preliminary and permanent injunction to prevent Defendants from engaging in further violations of 17 U.S.C. § 1202.

58. Plaintiff VINCENT KHOURY TYLOR is entitled to recover from Defendants the actual damages suffered by him and any profits Defendants have obtained as a result of their wrongful acts that are not taken into account in computing the actual damages. Plaintiff VINCENT KHOURY TYLOR is currently unable to ascertain the full extent of the profits Defendants have realized by their violations of 17 U.S.C. § 1202.

59. Plaintiff VINCENT KHOURY TYLOR is entitled to elect to recover from Defendants statutory damages for each of their violations of 17 U.S.C. § 1202.

60. Plaintiff VINCENT KHOURY TYLOR is further entitled to costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff VINCENT KHOURY TYLOR and Plaintiff VINCENT SCOTT TYLOR pray:

A. That this Court enter an injunction preliminarily and permanently enjoining and restraining Defendants and their directors, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendants from infringing Plaintiffs' copyrighted photographic works and from further violating 17 U.S.C. § 1202;

B. That the Court order any original infringing photographs, prints, separations, publications, copies, products, or materials bearing the images, digital data in any form and/or likenesses impounded and/or destroyed or disposed of in other reasonable fashion;

C. That Defendants be required to pay such damages as Plaintiffs have sustained and any profits Defendants have gained in consequence of Defendants' unlawful and willful acts or, in the alternative, to pay statutory damages pursuant to 17 U.S.C. § 504(c) and 17 U.S.C. § 1203(c);

D. That Defendants be required to pay costs, including reasonable attorneys' fees, to Plaintiffs pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203(b); and,

E. That Plaintiffs be granted such other and further relief as the Court may deem just and proper.

DATED: Honolulu, Hawaii, February 14, 2014.

/s/ Dane Anderson
J. STEPHEN STREET
DANE ANDERSON
Attorneys for Plaintiffs
VINCENT KHOURY TYLOR
and VINCENT SCOTT TYLOR