AYABE, CHONG, NISHIMOTO,
SIA & NAKAMURA
A Limited Liability Law Partnership

SIDNEY K. AYABE 968-0
STEVEN L. GOTO 6041-0
1003 Bishop Street, Suite 2500
Honolulu, Hawaii 96813
Telephone: (808) 537-6119
Facsimile: (808) 526-3491
Email: sidney.ayabe@hawadvocate.com
steven.goto@hawadvocate.com

Attorneys for Defendants
DISCOVERING HIDDEN HAWAII TOURS, INC.
and LEO A. M. MALAGON III

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VINCENT KHOURY TYLOR and VINCENT SCOTT TYLOR,<br><br>Plaintiffs,<br><br>vs.<br><br>DISCOVERING HIDDEN HAWAII TOURS, INC., a Hawaii Corporation, dba DISCOVER HAWAII TOURS and dba BIG ISLAND VOLCANO TOURS; LEO A. M. MALAGON III, an individual, JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ASSOCIATIONS 1-10,<br><br>Defendants. | CIVIL NO. CV14-00036 JMS-RLP<br>(Copyright Infringement)<br><br>DEFENDANTS DISCOVERING HIDDEN HAWAII TOURS, INC. AND LEO A. M. MALAGON III'S **ANSWER TO THE FIRST AMENDED COMPLAINT**; CERTIFICATE OF SERVICE |

_________________________________ )
641767

DEFENDANTS DISCOVERING HIDDEN HAWAII TOURS, INC. AND LEO A. M. MALAGON III'S ANSWER TO THE FIRST AMENDED COMPLAINT

Come now Defendants Discovering Hidden Hawaii Tours, Inc. and Leo A. M. Malagon III, by and through their counsel, Ayabe, Chong, Nishimoto, Sia & Nakamura, LLLP, and for answer to the First Amended Complaint filed herein on February 14, 2014, state as follows:

FIRST DEFENSE

1. The First Amended Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

2. With respect to the allegations contained in Paragraphs 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 36, 37, 38, 39, and 41 of the First Amended Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations thereof.

3. Defendants admit the allegations contained in Paragraphs 1 and 2 of the First Amended Complaint.

4. Defendants deny the allegations contained in Paragraphs 35, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 55, 56, 57, 58, 59, and 60 of the First Amended Complaint.

5. With respect to the allegations contained in Paragraph 3 of the First Amended Complaint, Defendants admit that Discovering Hidden Hawaii Tours, Inc. is a for-profit corporation registered in the State of Hawaii, with its principal place of business in Honolulu, Hawaii and is doing business as Discover Hawaii Tours and are without knowledge or information sufficient to form a belief as to the truth or veracity of the remaining allegations thereof.

6. With respect to the allegations contained in Paragraph 4 of the First Amended Complaint, Defendants admit that Defendant Leo A. M. Malagon III is a natural person residing in the State of Hawaii and is the president of Defendant Discovering Hidden Hawaii Tours, Inc. and are without knowledge or information sufficient to form a belief as to the truth or veracity of the remaining allegations thereof.

7. With respect to the allegations contained in Paragraph 9 of the First Amended Complaint, Defendant Discovering Hidden Hawaii Tours, Inc. admits to doing business in the State of Hawaii as a tour company under the business name Discover Hawaii Tours and denies the allegations as to Defendant Leo A. M.

Malagon III and is without knowledge or information sufficient to form a belief as to the truth or veracity of the remaining allegations thereof.

8. With respect to the allegations contained in Paragraph 40 of the First Amended Complaint, Defendants repeat and reallege their answers to Paragraphs 1 to 39 of the First Amended Complaint as set forth above.

9. With respect to the allegations contained in Paragraph 54 of the First Amended Complaint, Defendants repeat and reallege their answers to Paragraphs 1 to 53 of the First Amended Complaint as set forth above.

10. Defendants deny and all allegations contained in the First Amended Complaint which are not specifically admitted herein.

THIRD DEFENSE

11. Defendants defend on grounds of failure of Plaintiffs: (a) to join necessary parties, without whom complete relief cannot be afforded by the parties to the lawsuit, and/or without whom the parties to the lawsuit would be subject to double, multiple or inconsistent obligations, and/or (b) to join indispensable parties whom in equity and good conscious should be added to the proceeding, under Rule 19, Federal Rules of Civil Procedure, without waiver of their right to raise the defense and/or bring an appropriate motion at a later time.

FOURTH DEFENSE

12. Defendants raise the affirmative defense of assumption of risk. Plaintiffs did not exercise due care to avoid the damages complained of and, therefore, voluntarily and knowingly assumed the risk which proximately caused their damages, if any.

FIFTH DEFENSE

13. Defendants raise the affirmative defense of contributory negligence.

SIXTH DEFENSE

14. Defendants raise the affirmative defense of estoppel.

SEVENTH DEFENSE

15. Defendants raise the affirmative defense of laches.

EIGHTH DEFENSE

16. Defendants raise the affirmative defense that the lawsuit is barred by the applicable statute of limitations.

NINTH DEFENSE

17. Defendants defend on grounds that any alleged conduct of them were neither an actual and/or proximate cause of Plaintiffs' injuries or damages.

TENTH DEFENSE

18. Plaintiffs' damages, if any, were proximately caused or contributed to by their own negligence, and, therefore, Plaintiffs cannot recover for said damages, if any.

ELEVENTH DEFENSE

19. The claims of Plaintiffs as alleged herein are due to the negligence, fault, breach of warranty, and/or strict liability of other parties over whom Defendants have no control and for which Defendants bear no responsibility or liability.

TWELFTH DEFENSE

20. Plaintiffs have failed to mitigate any damages to which Plaintiffs may be, or may appear to be, entitled.

THIRTEENTH DEFENSE

21. Defendants reserve their right to assert all available affirmative defenses and will seek leave to amend this Answer to allege any such matters which they may become aware of during the course of discovery and/or trial in this action.

WHEREFORE, Defendants pray as follows:

A. That the First Amended Complaint against Defendants be dismissed with prejudice and that they be awarded costs and attorneys' fees;

B. That if it be determined that Plaintiffs, and Defendants or any other party to this action are negligent with respect to the events described in the First Amended Complaint, the comparative degree of fault of

each such party be determined in accordance with Section 663-31, H.R.S., and judgment be rendered accordingly.

C. That the Court award such other and further relief as it deems just and equitable in the premises.

DATED: Honolulu, Hawaii, March 27, 2014.

/s/ Sidney K. Ayabe
SIDNEY K. AYABE
STEVEN L. GOTO
Attorneys for Defendants
DISCOVERING HIDDEN HAWAII TOURS, INC. and LEO A. M. MALAGON III